FILED IN OPEN COURT
U.S.D.C. Atlanta

SEP 27 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

CALVIN L. BARNES A/K/A "BIG CAL",
SHARON CEACAL,
KENNETH COTTRELL,
ZECHARIAH DANIEL A/K/A "ZECH"
  A/K/A LEROY HARRIS,
DERRICK LAWSON,
REYNOLDS SCOTT III,
ANTHONY SHIVERS AND
CALVIN C. WILLIAMS A/K/A "LIL' CAL"

Criminal Indictment

1:16-CR-346

THE GRAND JURY CHARGES THAT:

**Count One**
**Conspiracy to Defraud the Government - 18 U.S.C. § 286**

1. Beginning on a date unknown to the Grand Jury, but at least by on or about February, 2011, and continuing until in or about May, 2012, in the Northern District of Georgia and elsewhere, the Defendants, CALVIN L. BARNES, SHARON CEACAL, KENNETH COTTRELL, ZECHARIAH DANIEL, REYNOLDS SCOTT III, ANTHONY SHIVERS and CALVIN C. WILLIAMS, did knowingly and willfully agree, combine, and conspire with Charlie Shivers III and others known and unknown to the Grand Jury, to defraud the United States by obtaining and aiding to obtain the payment or allowance of false, fictitious

and fraudulent claims for income tax refunds with the United States Department of Treasury through the Internal Revenue Service, as set forth below.

## Background

2. At all times relevant to this Indictment:

   a. The Internal Revenue Service ("IRS") is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States, and for collecting taxes (including income taxes) owed to the Treasury of the United States.

   b. Taxpayers who have had income taxes withheld or paid taxes in an amount that exceeds their income tax liability are entitled to tax refunds from the IRS. When a taxpayer is entitled to a refund, the IRS can send the refund in a variety of ways, including mailing a U.S. Treasury check.

   c. Corporations file their federal income tax on a U.S. Corporation Income Tax Return, Form 1120.

## Manner and Means

3. It was part of the conspiracy that:

   a. Charlie Shivers III, COTTRELL, and others known and unknown to the Grand Jury prepared federal corporate tax returns on Form 1120, demanding payment of refunds purportedly due the corporations, and then filed those returns with the IRS by mail.

b. These corporate income tax returns were fraudulent, in that the refunds demanded were based on false statements that the corporations had paid certain taxes on fuel and were entitled to credit for those payments.

c. Not all of the returns were successful, in that the IRS did not pay out refunds on all of the returns. When the IRS did pay a refund, it caused a U.S. Treasury check in the refund amount to be mailed to the corporation at the address specified on the tax return.

d. Other individuals helped with various aspects of the conspiracy.

e. ANTHONY SHIVERS assisted his brother, Charlie Shivers III, with various tasks in the conspiracy. On at least one occasion, he maintained physical custody of a refund check which had not yet been negotiated. In April 2012, he also attempted to recruit a new individual to negotiate tax refund checks.

f. CEACAL and others known and unknown to the Grand Jury agreed to allow their mailing addresses, and other mailing addresses under their control, to be used for receipt of the U.S. Treasury checks.

g. BARNES, DANIEL, CEACAL, SCOTT and WILLIAMS negotiated tax refund checks by depositing them or allowing them to be deposited into bank accounts they controlled.

All in violation of Title 18, United States Code, Section 286.

## Counts Two through Four
## False Claims Against the United States – 18 U.S.C. § 287

4. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 3 of this Indictment as if fully set forth here.

5. On or about the dates listed below, in the Northern District of Georgia, Defendant KENNETH COTTRELL knowingly and intentionally made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the United States Department of the Treasury, claims against the United States for payment of a refund of taxes, which he then and there knew to be false, fictitious, and fraudulent. COTTRELL made the claims by preparing and causing to be prepared, and presenting and causing to be presented to said agency, U.S. Corporation Income Tax Returns, Forms 1120, for the corporations and amounts described below, knowing that the claims were false, fictitious, and fraudulent in that the named corporations were not entitled to the refunds that were being requested.

| COUNT | DATE | TAX YEAR | CORPORATION NAME | TAX REFUND AMOUNT CLAIMED |
|---|---|---|---|---|
| 2 | 11/28/2011 | 2009 | Aim to Please Transportation, Inc. | $53,636 |
| 3 | 11/28/2011 | 2010 | Aim to Please Transportation, Inc. | $108,044 |
| 4 | 4/8/2012 | 2011 | Aim to Please Transportation, Inc. | $96,120 |

All in violation of Title 18, United States Code, Section 287 and Section 2.

4

## Count Five
### Theft of Public Funds - 18 U.S.C. § 641

6. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 5 of this Indictment as if fully set forth here.

7. On or about October 6, 2011, in the Northern District of Georgia, the Defendant, DERRICK LAWSON, aided and abetted by others known and unknown to the Grand Jury, did steal, purloin, and knowingly convert to his own use and the use of another, and receive, conceal and retain with the intent to convert it to his use or gain, knowing it to have been stolen, purloined and converted, money and property of the United States having a value of more than $1,000, specifically, a federal tax refund in the amount and in the name of the corporation listed below:

| COUNT | DATE | TAX REFUND |
|---|---|---|
| 5 | 10/6/2011 | Tax refund issued to Southard Distribution of Tampa, Inc. in the amount of $326,764 |

All in violation of Title 18, United States Code, Sections 641 and 2.

## Count Six
### Theft of Public Funds - 18 U.S.C. § 641

8. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 7 of this Indictment as if fully set forth here.

9. On or about November 14, 2011, in the Northern District of Georgia, the Defendant, CALVIN L. BARNES, aided and abetted by others known and unknown to the Grand Jury, did steal, purloin, and knowingly convert to his

own use and the use of another, and receive, conceal and retain with the intent to convert it to his use or gain, knowing it to have been stolen, purloined and converted, money and property of the United States having a value of more than $1,000, specifically, a federal tax refund in the amount and in the name of the corporation listed below:

| COUNT | DATE | TAX REFUND |
|---|---|---|
| 6 | 11/14/2011 | Tax refund issued to Shipping Avenues, Inc. in the amount of $505,399 |

All in violation of Title 18, United States Code, Sections 641 and 2.

## Count Seven
## Money Laundering Conspiracy - 18 U.S.C. § 1956(h)

10. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 9 of this Indictment as if fully set forth here.

11. From in or about April, 2011, through on or about May 21, 2012, in the Northern District of Georgia and elsewhere, the defendants, CALVIN L. BARNES, SHARON CEACAL, KENNETH COTTRELL, ZECHARIAH DANIEL, DERRICK LAWSON, REYNOLDS SCOTT III, ANTHONY SHIVERS and CALVIN C. WILLIAMS, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other, and with Charlie Shivers III and others known and unknown to the Grand Jury, to commit money laundering by knowingly engaging, and attempting to engage, in a monetary transaction in criminally derived property that had a value greater than $10,000, and that was, in fact, derived from specified unlawful activity, that is, the theft or receipt of

stolen public money in violation of 18 U.S.C. § 641, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

### Counts Eight through Nineteen
### Money Laundering - 18 U.S.C. § 1957

12. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 11 of this Indictment as if fully set forth here.

13. On or about the dates listed below for each count, in the Northern District of Georgia and elsewhere, the Defendants, as identified below for each count, aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal and wire transfer of funds, such property having been derived from a specified unlawful activity, that is, theft of government funds, in violation of Title 18, United States Code, Section 641.

| COUNT | DATE | AMOUNT | TRANSACTION | DEFENDANTS |
|---|---|---|---|---|
| 8 | 10/21/2011 | $27,550 | Check from Southard Distributing of Tampa account (Wells Fargo Bank account #x0942) to Banner Marketing | DERRICK LAWSON and ZECHARIAH DANIEL |
| 9 | 10/21/2011 | $30,000 | Check from Southard Distributing of Tampa account (Wells Fargo Bank account #x0942) to Scott Cepada Apparel, LLC | DERRICK LAWSON, REYNOLDS SCOTT III and CALVIN C. WILLIAMS |
| 10 | 10/25/2011 | $18,000 | Check from Southard Distributing of Tampa account (Wells Fargo Bank account #x0942) to Scott Cepada | DERRICK LAWSON, REYNOLDS SCOTT III and CALVIN C. WILLIAMS |
| 11 | 10/25/2011 | $33,000 | Check from Southard Distributing of Tampa account (Wells Fargo Bank account #x0942) to SWV Consulting | DERRICK LAWSON, REYNOLDS SCOTT III and CALVIN C. WILLIAMS |
| 12 | 10/25/2011 | $20,000 | Check from Southard Distributing of Tampa account (Wells Fargo Bank account #x0942) to The Klein Group | DERRICK LAWSON |
| 13 | 11/14/2011 | $15,000 | Check from Southard Distributing of Tampa account (Wells Fargo Bank account #x0942) to Shirley D. Porch | DERRICK LAWSON |

| COUNT | DATE | AMOUNT | TRANSACTION | DEFENDANTS |
|---|---|---|---|---|
| 14 | 11/29/2011 | $20,000 | Check from Shipping Avenues, Inc. account (Wells Fargo Bank account #x1874) to Banner Marketing | CALVIN L. BARNES and ZECHARIAH DANIEL |
| 15 | 12/8/2011 | $13,500 | Check from Shipping Avenues, Inc. account (Wells Fargo Bank account #x1874) to ZECHARIAH DANIEL | CALVIN L. BARNES and ZECHARIAH DANIEL |
| 16 | 12/13/2011 | $30,000 | Check from Shipping Avenues, Inc. account (Wells Fargo Bank account #x1874) to Scott Cepada | CALVIN L. BARNES and REYNOLDS SCOTT III |
| 17 | 12/20/2011 | $30,000 | Check from Shipping Avenues, Inc. account (Wells Fargo Bank account #x1874) to REYNOLDS SCOTT | CALVIN L. BARNES and REYNOLDS SCOTT III |
| 18 | 2/27/2012 | $30,000 | Check from Transportation and Distributing Consultants, Inc. account (Wells Fargo Bank account #x1403) to Shipping Avenues, Inc. | CALVIN L. BARNES |
| 19 | 3/9/2012 | $20,000 | Check from Transportation and Distributing Consultants, Inc. account (Wells Fargo Bank account #x1403) to CALVIN C. WILLIAMS | CALVIN C. WILLIAMS |

All in violation of Title 18, United States Code, Sections 1957 and 2.

9

## Forfeiture

14. Upon conviction for any of the offenses alleged in Counts Five through Nineteen of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

15. Upon conviction for the money laundering offense alleged in Count Seven through Nineteen of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a money laundering transaction, or any property traceable to such property.

16. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   a. has been transferred or sold to, or deposited with, a third person;
   b. has been placed beyond the jurisdiction of the Court;
   c. has been substantially diminished in value; or
   d. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _____*True*_____ BILL

_____
FOREPERSON

JOHN A. HORN
  *United States Attorney*

*Alana R. Black*
ALANA R. BLACK
  *Assistant United States Attorney*
Georgia Bar No. 785045

600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

11